that may have been given to pay the contract price. While the language of some of the cases with respect to changes is that an alteration, material or immaterial, relieves the surety, yet I think it must be held that in a building contract such a variation from performance, without extra charge, without taking extra time, without being any substantial variation from the terms of the contract, is not sufficient to relieve the surety from his obligation. On all the grounds, the motion for a new trial must be denied.

Motion denied.

---

(34 Misc. Rep. 505.)

### AIKEN et al. v. HASKINS.

(Supreme Court, Special Term, Saratoga County.   April, 1901.)

COSTS—LIABILITY—DISCHARGE IN BANKRUPTCY.

    A judgment in a justice court, and the debt on which it is based, recovered before the filing of a motion in bankruptcy, are annulled by a discharge in bankruptcy; but the costs of a subsequent unsuccessful appeal to the county court, accruing pending the petition and the discharge, and the costs of a further unsuccessful appeal to the appellate division after the discharge, are not affected thereby.

Action by Aiken, Lambert & Co. against Charles L. Haskins. Judgment for plaintiffs. Motion to discharge the same, and to stay the sheriff from enforcing it. Denied in part, and granted in part.

Nash Rockwood, for the motion.

F. B. Phillips, opposed.

HOUGHTON, J. On the 17th of April, 1897, the plaintiffs recovered of the defendant, in justice's court, a judgment for $74.68. This judgment was appealed from to the county court, which, on the 24th day of May, 1899, affirmed the judgment of the court below, with costs. Prior to this 24th day of May, and on the 4th day of April, 1899, the defendant was adjudged a bankrupt, and subsequently, on the 6th day of June, 1899, was discharged from all his debts, including the original debt upon which the judgment in controversy was rendered. After the discharge the defendant appealed to the appellate division, and gave a bond, which court affirmed the judgment of the courts below, with costs. Executions have been issued on all of these judgments, and this is a motion to discharge the judgment and stay the sheriff from enforcing the same. The county judge being disqualified as to the county court judgment, motion with respect to both judgments is made in this court.

It is conceded that the judgment for appellate division costs was not discharged by the bankruptcy proceedings, and the defendant has paid the amount of that judgment; nor can there be any question but what the original judgment for $74.68 is discharged by the bankruptcy proceedings. The only question in controversy, therefore, is as to the costs of the county court on affirming the justice's judgment. These costs were $25 and disbursements. The original judgment was entered in, with the taxable costs, to make the present judgment of $106. This was wrong in practice, for the judgments

should have been entered separately, affirming the former judgment and taxing the costs; but that portion of the judgment which embraces the costs of the county court can be treated as though it were a separate judgment, in considering this motion. The costs of the county court accrued between the filing of the petition and the discharge in bankruptcy of the defendant. They were not a debt against the defendant at the time he filed his petition, nor were there any costs earned up to that time which are separate from the $25. There is only one item of costs on an appeal in the county court, and that is a certain amount provided in case of an affirmance, and a certain amount provided in case of a reversal. It did not arise against the bankrupt until the court had made its decision, which was on the 24th of May, 1899. It is only such debts as are in existence and due or to become due that the discharge in bankruptcy relieves a person from. Those which arise thereafter, he is not relieved from paying. At the time the defendant filed his petition in bankruptcy, and the order to show cause was issued, requiring all persons to prove their claims and examine the bankrupt, these costs had not accrued, and they did not constitute a debt at the time of the commencement of those proceedings, either due or to grow due; and hence the judgment for costs was not affected by the defendant's subsequent discharge. Heather v. Neil, 14 Wkly. Dig. 46. Section 63 of the bankrupt law seems to be in accord with the above decision, and provides for a situation like the present one. Costs incurred prior to the filing of the petition are treated as debts, and costs following a judgment recovered after the filing of the petition are allowed only to such extent as they are earned prior to the filing of the petition. It follows that costs which arise in the process of litigation and ripen into rights against the bankrupt after the filing of the petition are not affected by his discharge in bankruptcy, and he remains liable therefor notwithstanding his discharge. See Coll. Bankr. 351.

The motion is granted so far as it relates to the original justice's judgment, made by transcript a judgment of the county court, for $74.68. It is also granted, because of the erroneous entry of the judgment, against the judgment of $106.63 entered in Saratoga county clerk's office May 24, 1899, except as to the amount of $25, for which amount said judgment is allowed to be enforced against the defendant. The motion is denied as to the judgment for costs of the appellate division, amounting to $78.39; and the sheriff of Saratoga county is allowed to enforce payment against the defendant for said sum of $78.39, less any such sum as shall have been paid thereon, together with $25 of the $106.63 judgment. Motion is denied in part and granted in part, and therefore costs are not allowed to either party.

Ordered accordingly.